LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29664

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. HAMAKADO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I

2010 MAY 28 AM 9:50

FILED

WAYNE MORI CROWELL, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0008, CR NO. 57156)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Leonard, JJ.)

Petitioner-Appellant Wayne Mori Crowell (Crowell)
appeals from the "Findings of Fact, Conclusions of Law, and Order
Denying Petition for Post-Conviction Relief Without a Hearing"
(Order Denying Petition), which was filed on January 27, 2009, in
the Circuit Court of the First Circuit (circuit court).[1/]  We
affirm.

I.

In Crowell's underlying criminal case, Crowell was
charged by indictment in 1982 with three counts of first degree
robbery (Counts I, III, and IV) and one count of second degree
robbery (Count II).  On November 18, 1983, a jury found Crowell
guilty as charged on all counts.  Crowell was sentenced to
extended terms of life imprisonment, with the possibility of
parole, for the three first degree robbery convictions and a non-
extended term of ten years of imprisonment for the second degree
robbery conviction, all terms to run concurrently.

Crowell filed a direct appeal from the judgment on
these convictions and sentences in Appeal No. 9733.  On August
21, 1985, this court issued an opinion which vacated Crowell's

_____

[1/] The Honorable Derrick H.M. Chan presided.

conviction and sentence for the first degree robbery charged in Count IV and affirmed his convictions and sentences with respect to Counts I, II, and III. State v. Crowell, 5 Haw. App. 674, 706 P.2d 453 (1985). Crowell did not seek review of this court's opinion, and his convictions and sentences on Counts I, II, and III, including the extended terms of life imprisonment on Counts I and III, became final in 1985.

On February 12, 2008, Crowell filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Petition), pursuant to Hawaii Rules of Penal Procedure Rule 40 (2006). The circuit court denied the Petition and issued its Order Denying Petition on January 27, 2009. This appeal followed.

II.

Crowell argues on appeal, as he did in his Petition, that based on State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007) (Maugaotega II), the version of the extended term statute under which he as sentenced, Hawaii Revised Statutes (HRS) § 706-662 (1976 & Supp. 1984), was void *ab initio*, and thus his extended term sentences must be vacated and ordinary term sentences imposed.

Upon careful review of the record and the briefs submitted by the parties, we hold as follows:

Maugaotega II does not apply retroactively to Crowell's collateral attack on his extended term sentences on Counts I and III which became final in 1985. See State v. Gomes, 107 Hawai'i 308, 312-14, 113 P.3d 184, 188-90 (2005); Loher v. State, 118 Hawai'i 522, 534-38, 193 P.3d 438, 450-54 (App. 2008); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005).

The version of HRS § 706-662 under which Crowell was sentenced was not void *ab initio*. See State v. Jess, 117 Hawai'i 381, 388-89, 406-15, 184 P.3d 133, 140-41, 158-67 (2008); State v. Cutsinger, 118 Hawai'i 68, 79-82, 185 P.3d 816, 827-830 (App. 2008), overruled in part on other grounds by Jess, 117 Hawai'i at

398 n.17, 184 P.3d at 150 n.17; Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54. Crowell's extended term sentences became final long before the United States Supreme Court announced its new constitutional rule of criminal procedure in Apprendi v. New Jersey, 530 U.S. 466 (2000), and thus Crowell's extended term sentences were constitutional and legal when imposed. See Gomes, 107 Hawai'i at 314, 113 P.3d at 190. In Jess, the Hawai'i Supreme Court held that the trial court had the authority to resentence Jess to extended terms of imprisonment pursuant to the former version of the extended term sentencing statute, HRS § 706-662 (Supp. 1996), which was in effect in 2000 when Jess committed the charged offenses, by invoking its inherent judicial power to empanel a jury to make the "necessity" finding. Jess, 117 Hawai'i at 388-89, 410-13, 184 P.3d at 140-41, 162-65; see also, State v. Mark, No. 26784, 2010 WL 1888944, at *45-47 (Hawai'i May 12, 2010). The supreme court could not have reached this conclusion in Jess if the former versions of HRS § 706-662 were void *ab initio*.

Accordingly, Crowell is not entitled to have his extended term sentences vacated or set aside.

III.

The circuit court's January 27, 2009, Order Denying Petition is affirmed.

DATED: Honolulu, Hawai'i, May 28, 2010.

On the briefs:

Taryn R. Tomasa
Deputy Public Defender
for Petitioner-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Craig H. Nakamura
Chief Judge

Daniel R. Foley
Associate Judge

Associate Judge